FRANCISCO LÓPEZ SALGADO, ETC., Plaintiff and Appellee, *v.* MANUEL V. DOMENECH, TREASURER OF PUERTO RICO, Defendant and Appellant.

No. 6996.    Argued March 25, 1935.—Decided May 10, 1935.

Benjamin J. Horton, Attorney General, and R. Cordovés Arana, Assistant Attorney General, for appellant. J. J. Ortiz Alibrán for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Francisco López Salgado, doing business under the name of Santurce Lumber Yard, in a suit against the Treasurer of Puerto Rico sought the return of certain taxes paid under protest. The District Court of San Juan on May 15, 1934, ordered the return, say of three items, and overruled the claims in other respects. The Treasurer appealed. One of the items was ordered to be returned because the court held that the act under which the tax was attempted to be imposed was unconstitutional.

On appealing, as questions of fact were involved, the appellant obtained various extensions of time for the preparation of the transcript of the evidence. One of the petitions for extension, namely that of October 16, 1934, was made too late. The parties, however, got together and filed a stipulation whereby they agreed that the court below should extend the time nunc pro tunc and on October 17, 1934, this was done accordingly.

Negotiations arose between counsel looking to a compromise. The proposition, not definitely accepted by the appellant, was that the judgment should stand as to other items but not as to the item involving the constitutionality of the particular act involved. The appellee was to renounce this. It is perfectly clear from the record that the appellee, and even the attorneys for the appellant, tried for several months

to obtain from the Treasurer a statement of the position he would assume. We find no actual bad faith on the part of any one.

However, when there was a possibility of the whole case being compromised, counsel for the appellant ordered the stenographers to suspend work. Some time thereafter the Treasurer decided to prosecute the appeal in full, ordered the stenographers to proceed and obtained extensions up to and after April, 1935. The appellee withdrew his offer not to attack the constitutionality of the act, which would have involved the abandonment of a claim.

Appellee moves to dismiss practically for lack of diligence and because of the alleged frivolity of the questions of law and fact involved.

While we do not doubt the good intentions of all the parties, counsel for the Treasurer, like other counsel, were running a risk when at their own instance they ordered the stenographers to cease working. Extension after extension was obtained without the appeal being diligently prosecuted due, as it happens, because of the delay of the Treasurer in stating his position. Naturally enough, the office of the Attorney General did not feel empowered to act on a proposed compromise without the assent of the Treasurer. The prosecution of the appeal, however, was totally in the hands of the attorneys for appellant, and the client was responsible for their acts. Part of the theory of counsel for the government was that the stenographers should not be asked to work gratis for the government if the appeal was not to be prosecuted. This, however, is a failure to respect the rights of appellee, who took no steps to delay the perfection of the record.

The appeal, it is evident, was not from a legal standpoint prosecuted diligently. The appellee with a won judgment was indefinitely delayed. A dismissal of the case should proceed and it is so ordered.

The Chief Justice and Mr. Justice Hutchison dissented.